**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| **MARGARETA COLLIN,** )<br>)<br>       **Plaintiff,** )<br>)<br>       v. )<br>)<br>**MICHAEL D. ZEFF, et al.,** )<br>**et al.,** )<br>)<br>       **Defendants.** )<br>_____ ) | Case No. CV12-8156 PSG (AJW)<br><br>**MEMORANDUM AND ORDER**<br>**DISMISSING COMPLAINT WITH**<br>**LEAVE TO AMEND** |

      Plaintiff, a non-prisoner proceeding pro se, paid the filing fee and filed this action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 against Michael D. Zeff ("Zeff"), a private attorney; Ross M. Klein ("Klein"), a California state court judge; and Patrick T. Madden ("Madden"), a California state court judge. Defendants are sued in their individual and official capacities. [Complaint 1-3, 9].

      Because the complaint fails to state a federal claim on which relief can be granted, it is dismissed with leave to amend. Plaintiff has three options:

(1)      Plaintiff **may continue this action in this court** by filing a document labeled **"First Amended Complaint"** within **twenty-one (21) days** of the date of this order. To withstand dismissal, the amended complaint must attempt to correct the factual and legal defects described below.

(2)      Plaintiff **may file a "Notice of Intent Not to Amend Complaint"** within **twenty-one (21) days** of the date of this order. The timely filing of a notice of intent not to amend will be construed as an

1 indication that plaintiff wishes to challenge dismissal of the complaint by seeking review of this
2 order in the Ninth Circuit Court of Appeals. If the court receives timely written notice of plaintiff's
3 intent not to file an amended complaint, this action will be dismissed with prejudice, and plaintiff
4 will be free to appeal the order of dismissal. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1063-
5 1066 (9th Cir. 2004); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

(3) Plaintiff **may do nothing in response to this order**. If plaintiff does not respond to this order by filing either a timely amended complaint or a timely notice of intent not to amend, plaintiff will be deemed to have consented to the dismissal of this action with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with this order. See Edwards, 356 F.3d at 1063-1066.

**Plaintiff's allegations**

The complaint and attached exhibits allege as follows. On August 3, 2012, plaintiff received a "Notice" from "Superior Court of California, U.S. Bank National Association, John A. Clarke, [and] B. James." [Complaint 11]. Plaintiff does not allege the purpose or substance of the notice. However, plaintiff alleges that she has not entered into a "loan application/agreement" or other agreement with "Superior Court of California, U.S. Bank National Association, John A. Clarke, [or] B. James,"does not owe any money to those entities or persons, and never enjoyed any benefits or services given or sold by them. [Complaint 11].

On or about August 11, 2012, Zeff sent plaintiff a "demand letter" and a "summons." Plaintiff does not allege the substance of the demand letter or the summons. However, plaintiff alleges that she has not entered into a "loan application/agreement" or other agreement with Zeff or with U.S. Bank National Association, does not owe money to Zeff or to U.S. Bank National Association, and never enjoyed any benefits or services given or sold by Zeff. [Complaint 3].

Plaintiff alleges that she had a "reasonable expectation" that Klein and Madden should have known: (1) "that the court did not have jurisdiction over the subject matter to hear the case"; (2) they were violating clearly established law. [Complaint 3]. Plaintiff alleges that defendants were "acting under color of state law" and violated plaintiff's rights under the Sixth and Ninth Amendments and Article 6 of the United States Constitution. [Complaint 3-4].

In "Affidavits" attached as exhibits to the complaint, plaintiff states on August 29, 2012 and

September 19, 2012, she witnessed Klein and Madden, respectively, "commit perjury" against their oath of office, deny plaintiff the right to be confronted with the "accuser/witness" against her, deny plaintiff "provisions of the Constitution" they swore to uphold, and deny plaintiff "defense arguments." The affidavits also state: "The Court lacked jurisdiction over the subject matter to hear the case." [Complaint 12-13]. The affidavits are notarized, but they are not executed under penalty of perjury. Plaintiff also has attached similar affidavits from third parties to the complaint as exhibits.

**Standard governing dismissal for failure to state a claim**

A complaint may be dismissed on the court's own motion for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6); Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and citing Twombly, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (internal quotation marks and ellipsis omitted). The court must accept as true all factual allegations contained in the complaint. That principle, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. A pro se complaint, however, is "to be liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010)(stating that "we continue to construe pro se filings liberally when evaluating them under Iqbal," and "particularly in civil rights cases, . . . to afford the [plaintiff] the benefit of any doubt") (quoting Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

**Eleventh Amendment immunity**

A suit against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself. Gomez v. Vernon, 255 F.3d 1118, 1126 (9th Cir.), cert. denied, 534 U.S. 1066

(2001). Plaintiff's damages claims against state court judges Madden and Klein in their official capacity are claims against the State of California, which is immune from damages suits in federal courts absent a valid abrogation of immunity by Congress or an express waiver of immunity by the state. See Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267-268 (1997); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 53-54 (1996); Greater Los Angeles Council on Deafness v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987). Moreover, states, state agencies, and state officials sued officially are not "persons" subject to suit for money damages under section 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 65, 71 (1989). Accordingly, plaintiff's damages claims against Madden and Klein in their official capacity are dismissed under the Eleventh Amendment.

**Absolute judicial immunity**

Absolute judicial immunity shields a judge in his or her individual capacity from liability for damages claims arising from judicial acts undertaken as the judicial officer presiding over the plaintiff's case, regardless of whether those actions occurred inside the courtroom or in the judge's chambers. Mireles v. Waco, 502 U.S. 9, 9-10 (1991); Dennis v. Sparks, 449 U.S. 24, 27 (1980); Franceschi v. Schwartz, 57 F.3d 828, 830 (9th Cir. 1995)(per curiam). Absolute judicial immunity "insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives, or when the exercise of judicial authority is flawed by the commission of grave procedural errors." In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002)(internal citations and quotation marks omitted); see Stump v. Sparkman, 435 U.S. 349, 356 (1978); Mireles, 502 U.S. at 11. "Judicial immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986)(en banc)(quoting Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985)).

A judge is protected if: (1) he performed a "judicial act," and (2) he did not act in "clear absence of jurisdiction." Stump, 435 U.S. at 356-357, 360; see Mireles, 502 U.S. at 11-12; Moore v. Brewster, 96 F.3d 1240, 1243-44 (9th Cir. 1996), cert. denied, 519 U.S. 1118 (1997). "A clear absence of all jurisdiction means a clear lack of all subject matter jurisdiction." Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1389 (9th Cir. 1987), cert. denied, 486 U.S. 1040 (1988). An action taken by a judge in excess of his or her authority "can not be said to have been taken in the absence of jurisdiction." Mireles, 502 U.S. at 13.

Most of plaintiff's allegations are vague and conclusory. The few specific facts pleaded in the complaint, such as the allegation that plaintiff was served with a summons, received a notice from the Superior Court, and "witnessed" Madden and Klein "deny" plaintiff the right to confront her accuser or to make "defense arguments," indicate that plaintiff is complaining about judicial acts. See Crooks v. Maynard, 913 F.2d 699, 700 (9th Cir. 1990) (stating that judicial acts are determined by the nature of the act, "i.e., whether it is a function normally performed by a judge," and by the parties' expectations, "i.e., whether they dealt with the judge in his judicial capacity") (quoting Stump, 435 U.S. at 362); Ashelman, 793 F.2d at 1076 (stating that the relevant "factors are to be construed generously in favor of the judge and in light of the policies underlying judicial immunity").

Plaintiff's allegations that defendants acted "outside the scope of their jurisdiction and authority," and that "the Court lacked subject matter jurisdiction" are wholly conclusory. Jurisdiction is construed broadly where the issue is the immunity of a judge. Crooks, 913 F.2d at 700 (citing Stump, 435 U.S. at 356); see also Ashelman, 793 F.2d at 1076 (stating that "[w]here not clearly lacking subject matter jurisdiction, a judge is entitled to immunity," and that "[j]urisdiction should be broadly construed to effectuate the policies supporting immunity"). Plaintiff alleges that she received a summons and a notice from the Superior Court. The complaint is devoid of specific supporting facts plausibly suggesting that Madden or Klein acted in "the clear absence of all subject matter jurisdiction." Mullis v. U. S. Bankr. Ct., 828 F.2d 1385, 1389 (9th Cir. 1987) (holding that where a bankruptcy judge had jurisdiction over the plaintiff's bankruptcy petition, the judge's denial of a motion to remove a bankruptcy trustee and other alleged errors were, at most, "acts in excess of jurisdiction, not acts in the clear absence of all jurisdiction") (citing O'Neil v. City of Lake Oswego, 642 F.2d 367, 369 (9th Cir.1981), cert. denied, 486 U.S. 1040 (1988)); see generally Twombly, 550 U.S. at 555 ( "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).") (internal quotation marks and ellipsis omitted).

Plaintiff's allegations are mere than "labels and conclusions" that demonstrate no more than a speculative right to relief. Her claims against Madden and Klein therefore are dismissed on the grounds of

absolute judicial immunity.

**Color of law**

Plaintiff cannot sue Zeff, a private attorney, under section 1983 because nothing in the complaint indicates that he was acting "under color of state law" for purposes of a section 1983 claim. See Simmons v. Sacramento County Super. Ct., 318 F.3d 1156, 1161 (9th Cir. 2003) (holding that the plaintiff could not sue a private opposing counsel under section 1983 because "he is a lawyer in private practice who was not acting under color of state law"). There is no authority that a private attorney acts under color of state law merely because he is licensed by the state bar to practice law, and conclusory allegations of state action are insufficient. See Simmons, 318 F.3d at 1161 (citing Price v. Hawaii, 939 F.2d 702, 707-708 (9th Cir.1991) ("[P]rivate parties are not generally acting under color of state law, and . . . conclusionary allegations, unsupported by facts, will be rejected as insufficient to state a claim under the Civil Rights Act.") (internal alterations and quotation marks omitted). Plaintiff's section 1983 claims against Zeff are dismissed.

**Sixth Amendment**

Plaintiff alleges that defendants violated her Sixth Amendment right "to be confronted with the witness against her . . . ." [Complaint 4]. "The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to be confronted with the witnesses against him." Giles v. California, 554 U.S. 353, 357-358 (2008) (ellipsis omitted). "[T]he Sixth Amendment Confrontation Clause by its own terms applies only to "criminal prosecutions." United States v. Barraza, 318 F.Supp.2d 1031, 1035 (S.D. Cal. 2004) (citing Hyser v. Reed, 318 F.2d 225, 237 (D.C.Cir.1963)). Nothing in the complaint suggests the state court case alluded to in her complaint is a criminal prosecution in which her Sixth Amendment Confrontation Clause rights would apply.

**Ninth Amendment**

Plaintiff alleges that defendants violated her Ninth Amendment rights. [Complaint 4].

The Ninth Amendment, which states that "[t]he enumeration in the Constitution of certain rights, shall not be construed to deny or disparage others retained by the people," "has not been interpreted as independently securing any constitutional rights for purposes of making out a constitutional violation." Schowengerdt v. United States, 944 F.2d 483, 490 (9th Cir. 1991) (holding that the plaintiff's argument that his discharge from the Navy on the ground that he was bisexual violated the Ninth Amendment was

"meritless"); accord, San Diego County Gun Rights Comm. v. Reno, 98 F.3d 1121, 1125 (9th Cir.1996) (holding that "the Ninth Amendment does not encompass an unenumerated, fundamental, individual right to bear firearms").

**Section 1985**

The complaint fails to state a section 1985 conspiracy claim because "[t]he absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations." Thornton v. City of St. Helens, 425 F.3d 1158, 1168 (9th Cir. 2005).

**Section 1986**

The complaint does not state a claim under section 1986. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988) ("Section 1986 imposes liability on every person who knows of an impending violation of section 1985 but neglects or refuses to prevent the violation. A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985.").

**Conclusion**

"Leave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to pro se plaintiffs." Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003) (citing Lopez v. Smith, 203 F.3d 1122, 1130, 1131 (9th Cir.2000) (en banc)), cert. denied, 541 U.S. 1063 (2004)). It is not absolutely clear that plaintiff cannot remedy any of the factual defects in her complaint. Any additional facts, however, "must not be inconsistent with those already alleged, and must be sufficient specific to satisfy Iqbal." Lacey v. Maricopa County, ---- F.3d ----, 2012 WL 3711591, at *32 (9th Cir. 2012) (citing Reddy v. Litton Indus., Inc., 912 F.3d 291, 296-297 (9th Cir. 1990)).

Accordingly, plaintiff's complaint is dismissed with leave to amend pursuant to the instructions set forth at the beginning of this memorandum and order.

September 25, 2012

ANDREW J. WISTRICH
United States Magistrate Judge